UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TORRANCE McLEMORE,

        Petitioner,

Case No. 1:03-CV-871

v.

Hon. Richard Alan Enslen

MARY BERGHUIS,

**<u>OPINION</u>**

        Respondent.
_____/

      This matter is before the Court on Petitioner Torrance McLemore's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of August 24, 2006, which recommended a denial of Petitioner's writ of habeas corpus. This Court reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

**I.    BACKGROUND**

      Following a jury trial, Petitioner was convicted of assault with intent to murder, (Count 1, Mich. Comp. Laws § 750.83); possession with intent to deliver less than fifty grams of cocaine (Count 2, Mich. Comp. Laws § 333.7401(a)(iv)); possession of a firearm during the commission of a felony (Count 3, Mich. Comp. Laws § 750.227b); and carrying a concealed weapon (Count 4, Mich. Comp. Laws § 750.227).[1] On November 3, 1999, Petitioner was sentenced to fourteen to twenty-five years on Count 1, a consecutive one and a half to twenty years on Count 2, a non-consecutive term of one to four years on Count 3, and a consecutive two year term on Count 4.

---

      [1]The Court adopts by reference the portion of the Report that sets forth the trial court proceedings and testimony.

Petitioner appealed his convictions to the Michigan Court of Appeals, and the court rejected his arguments by decision of April 2, 2002. On May 20, 2002, a rehearing was also denied. Petitioner then sought leave to appeal to the Michigan Supreme Court, which was denied on December 4, 2002.

Petitioner's Petition for Writ of Habeas Corpus raises four grounds for relief: (1) he was denied due process of law because there was insufficient evidence to support the convictions of assault with intent to murder, possession with intent to deliver, and carrying a concealed weapon; (2) he was denied due process of law when police conducted an impermissibly suggestive photographic identification procedure and when that identification was admitted at trial; (3) his trial counsel was constitutionally deficient; and (4) the sentences imposed on the assault with intent to murder and possession with intent to deliver convictions were grossly disproportionate and amounted to a violation of the Eighth Amendment to the United States Constitution. The Report recommends the Petition be denied as to grounds one and four because they are procedurally barred and moreover are without merit, and grounds two and three be denied because they are without merit. Petitioner objects to these recommendations arguing that grounds one and four are exhausted, and further renews his claims challenging the sufficiency of the evidence, the deficiency of his counsel at trial, and that certain sentences are grossly disproportionate to his alleged crimes.

## II.   LEGAL ANALYSIS

This action is governed by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). *See Penry v. Hohnson*, 532 U.S. 782, 791 (2001); *Williams v. Taylor*, 529 U.S. 362 (2000). The AEDPA changed a federal habeas court's role to guard against "federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *see also Williams*, 529 U.S. at

403-04.  To that end, an application for writ of habeas corpus on behalf of a person incarcerated pursuant to a state conviction cannot be granted with respect to any claim adjudicated on the merits in state court unless it:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  Further, AEDPA limits the area of relevant law to that "determined by the Supreme Court of the United States."  *Williams*, 529 U.S. at 410 (citation omitted).  Indeed, a federal habeas court may not find a previous state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id*. at 411.  The true issue is whether a state court's application of clearly established federal law is "objectively unreasonable."  *Id*. at 410.

**III.   DISCUSSION**

    **A.   Ground I: Insufficient Evidence to Sustain Verdicts**

        **1.   Exhaustion of Claims**

Petitioner first argues the Report erred in finding his sufficiency claims unexhausted in the state courts.  Specifically, he argues that his challenges to the sufficiency of the evidence to his assault and concealed weapons charges were fairly presented to the Michigan Supreme Court because it had a chance to review the Michigan Court of Appeals' decision which contained the challenges and because the State addressed the challenges in its response brief.  Petitioner admits that the challenges were not contained in his Application for Leave to Appeal to the Michigan Supreme Court because of an "administrative mistake" by an attorney.  The Court finds these

arguments unconvincing. The rule of exhaustion requires that Petitioner have "fairly presented" his sufficiency of the evidence claims to the state court. "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (*citing Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)). Here, Petitioner admits that these challenges were left out of the Application for Leave to Appeal. As set forth in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "it is not enough that all the facts necessary to support the federal claim were before the state court . . . the habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Id*. at 6. (citations omitted). Petitioner did not present the Michigan Supreme Court with his sufficiency challenges such that the substance of them was "fairly presented." Rather, Petitioner has merely tried to convince the Court that by cobbling together an objection brief by the State and the Court of Appeal's opinion, the facts necessary to support the sufficiency claims were before the Michigan Supreme Court. This is not enough to consider the claims exhausted. Furthermore, pursuant to 28 U.S.C. § 2254(b)(2), the Report recommended that the challenges also be denied on their merits for reasons further explained in this Opinion.

        **2.**        **Assault with Intent to Murder**

In regards to Petitioner's claim that there was insufficient evidence to convict him on assault with intent to murder, the Court may decide this issue on the merits notwithstanding its determination that this claim is unexhausted. 28 U.S.C. § 2254(b)(2). Petitioner contends the Report erred in concluding that the Michigan Court of Appeals reasonably applied Supreme Court precedent. Specifically, Petitioner claims there was insufficient evidence as to the specific intent to kill. When a habeas petitioner challenges the sufficiency of the evidence supporting his conviction

under 28 U.S.C. § 2254, the Court will deny the petition if "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also Moore v. Duckworth*, 443 U.S. 713 (1979). Petitioner admits the Michigan Court of Appeals' speculation that a jury could rationally conclude from the evidence presented that Petitioner had bad aim or missed shooting a more vital area because the victim was moving are viable possibilities. The Court agrees. A habeas court may not reject a jury's verdict because the evidence does not "rule out every hypothesis except that of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 326. Here, taken in a light most favorable to the prosecution, a rational jury could have inferred from the evidence Petitioner had the specific intent to kill the victim.

Further, Petitioner's claim that the Court of Appeals applied a lesser legal standard for specific intent to murder than required under Michigan law is without merit. Petitioner claims the Court of Appeals applied the standard of "what the usual results of an act are" rather than a specific intent to kill. Petitioner misconstrues the Court of Appeals' decision by interpreting a quotation at the end of the analysis, introduced as an "observation," as the legal standard used to determine what type of intent is needed for a conviction.[2] The Court of Appeals correctly listed the elements of the conviction and stated "specific intent to kill may be proven by inference from any facts in evidence, including the use of a dangerous weapon." (MCOA Op. at 2). *People v. Barclay*, 208 Mich. App. 670, 674 (1995); *People v. DeLisle*, 202 Mich. App. 658, 672 (1993). Therefore, Petitioner's claim fails on the merits as the Court of Appeals did not unreasonably apply Supreme Court precedent.

---

[2]Petitioner erroneously points to the quotation "'[t]he intentional discharge of a firearm at someone within close range is an assault. The usual result and purpose of such an assault is death.' *People v. Johnson*, 54 Mich. App. 303, 304 (1974)." (Petr.'s Br. 5).

### 3. Possession with Intent to Deliver Narcotics

Petitioner also avers the Report erred in finding the Court of Appeals correctly applied *Jackson* and *Moore* when it held there was sufficient evidence to support a conviction of possession with intent to deliver narcotics.[3] Particularly, Petitioner renews his argument that the evidence did not support a conviction on the elements of possession and the intent to deliver. Petitioner contends that the evidence only shows he had "temporary and fleeting" possession rather than dominion and control over the drugs, and there was no evidence that he had the intent to deliver it. However, there was evidence that Petitioner picked up the drugs and took them upstairs with him. The parties also stipulated at trial that the plastic bag contained 35 separately knotted plastic packages and that one (randomly selected) package tested positive for cocaine. Additionally, the parties stipulated that a police lieutenant was prepared to testify that the amount of cocaine and the particular way it was packaged was consistent with drug trafficking. Given the drug quantities and packaging at issue, under the *Jackson* standard articulated above, it was objectively reasonable for the Court of Appeals to hold that there was sufficient evidence to sustain the conviction.

### 4. Carrying a Concealed Weapon

With respect to Petitioner's claim that there was insufficient evidence to convict him on the carrying a concealed weapons charge, the Court finds the state courts, again, correctly applied the *Jackson* standard. Petitioner argues the testimony of two witnesses that Petitioner pulled a gun from his waist area, or a gun fell to the ground from that area, does not show the gun was concealed, only that the witnesses did not see it though it was visible. It is also noted there was testimony from an

---

[3]Again, the Court can reach the merits of this claim notwithstanding its determination that the claim was not fully exhausted. *See* 28 U.S.C. §2254(b)(2).

observer that Petitioner reached into a pocket and retrieved the gun during the struggle.  It is the trier of fact's responsibility (not this Court's) to weigh the evidence, and to draw reasonable inferences from the facts.  *Jackson*, 443 U.S. at 319.  Therefore, the testimony that someone saw the gun being pulled from a pocket, and testimony that the gun fell from the waist area could logically support the inference the gun was concealed.  For this reason, the Court finds the Court of Appeals did not unreasonably apply *Jackson* and *Moore* in holding that a rational jury could find beyond a reasonable doubt Petitioner was carrying a concealed weapon.

> **B.      Ground 2: Impermissibly Suggestive Photographic Identification**

As best understood, Petitioner's next objection was to the Report's conclusion that the Court of Appeals did not unreasonably apply Supreme Court precedent when it affirmed the trial court's decision that the photographic identification procedure was not impermissibly suggestive.[4]  To this end, Petitioner claims that because the photographic lineup included a color picture of Petitioner while the other pictures used were not color,[5] the procedure was impermissibly suggestive and that the Court of Appeals did not use the correct standard for determining a due process violation.[6]  The

---

[4] Petitioner's objection, in pertinent part, reads "[t]he magistrate concludes that the photographic identification was not impermissibly suggestive as the Michigan Court of Appeals found...and the Michigan Court of Appeals failed to cite to or recognize the proper federal standard for determining a due process violation." (Petr.'s Br. 8).  The Court interprets Petitioner's objection to be that the Court of Appeals unreasonably applied Supreme Court precedent.  28 U.S.C. §2254(d)(1).

[5] This has not been established by the trial record as produced by Petitioner as a black and white xerox copy of the photographic lineup was submitted.  (Petr.'s Ex. D).

[6] The Court assumes here, as no "correct" standard is given by Petitioner in his objection, Petitioner is arguing (as he did in his brief) that the Court of Appeals should have used the standard of "substantial likelihood of misidentification" under *Neil v. Biggers*, 409 U.S. 188 (1972) and *Stovall v. Dennis*, 388 U.S. 293 (1967).

Court of Appeals reviewed "the circumstances surrounding the lineup" to determine if it was impermissibly suggestive. Petitioner argues this is an incorrect standard and an unreasonable application of Supreme Court precedent. However, whether an identification is "so unnecessarily suggestive and conducive to irreparable mistaken identity [such that] he was denied due process of law...must be determined on a totality of the circumstances." *Neil*, 409 U.S. at 196 (citations omitted). Therefore, the Court of Appeals did not err when it applied a totality of the circumstances test, nor was the finding that the lineup was not impermissibly suggestive an unreasonable application of *Neil*.

### C. Ground 3: Ineffective Assistance of Counsel

Petitioner's next objection is because his trial counsel stipulated on an essential element, notwithstanding his alibi defense, he was denied the assistance of effective counsel as guaranteed by the Constitution. In order to show ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) his counsel's deficient performance prejudiced Petitioner so as to result in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Further, the defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689 (citations omitted).

After review, the Court finds that the Michigan Court of Appeals did not unreasonably apply *Strickland* in considering if Petitioner's counsel rendered constitutionally deficient performance. Trial counsel's decision to stipulate to a police lieutenant's proffered testimony did not "fall outside

of an objective standard of reasonableness." The Court of Appeals held trial counsel was not ineffective because of the stipulation for the reason that Petitioner offered an alibi defense as a defense and Petitioner had waived his right to claim error because of the affirmative stipulation. (MCOA Op. at 7). Therefore, Petitioner did not argue that he was at the scene of the shooting but did not possess the drugs with intent to deliver. Rather, Petitioner claimed he was elsewhere at the time of the crime. For that reason, it was not completely inconsistent or unreasonable for trial counsel to stipulate in this circumstance. Therefore, the Court of Appeals' holding was not contrary to or an unreasonable application of *Strickland*.

### D. Ground 4: Disproportionate Sentence

Petitioner claims his "grossly disproportionate" sentencing claim was exhausted and fairly presented in the state courts. Petitioner admits that this claim was not set forth as an Eighth Amendment violation, but argues the claim is still exhausted because the disproportionate analysis under Michigan state law, *People V. Milbourn*, 435 Mich. 630 (1990), is the same as the federal analysis of *Harmelin v. Michigan*, 501 U.S. 957 (1991). This Court agrees with the Report's analysis in finding that *Milbourn* was clearly decided under state, not federal principles. In *Anderson*, the Supreme Court held a claim was unexhausted when only one case decided under state law was cited and the Michigan Court of Appeals had interpreted and analyzed the claim as predicated on a state-law rule. *Anderson*, 459 U.S. at 7. Here, it appears Petitioner only cited to *Milbourn* in his direct appeal and the Court of Appeals analyzed the claim as one predicated on state law. Therefore, the Eighth Amendment violation claim was unexhausted. Further, Petitioner's claims are not without state court remedy such that the claim should be considered exhausted

9

pursuant to *Coleman v. Thompson*, 510 U.S. 722, 731-32 (1991). Further, this Court will deny the claim on its merits pursuant to 28 U.S.C. § 2254(b)(2) as explained below.

Petitioner's last objection is to argue the sentences imposed on the assault with intent to murder and possession with intent to deliver convictions were grossly disproportionate and amounted to a violation of the Eighth Amendment to the United States Constitution.[7] The Court finds the claim completely without merit. First, "the Eighth Amendment contains no proportionality guarantee." *Harmelin*, 501 U.S. at 965. Further, Petitioner does not claim, nor can he, that his sentence was outside a statutory maximum. When a sentence is within the maximum set by statute, the sentence "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (citing *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995). And finally, federal courts will not engage in a proportionality analysis unless the sentence given is death or life without possibility or parole, and Petitioner has received neither. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Therefore, Petitioner's Eighth Amendment violation claim is without merit.

### IV.   CONCLUSION

For these reasons, the Court denies Petitioner's objections, adopts the Report and Recommendation, and Petitioner's Petition for Writ of Habeas Corpus will be denied.

A Final Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:
October 2, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] The Court may reach the merits of this claim notwithstanding it has held this claim is not fully exhausted. 28 U.S.C. § 2254(b)(2).