UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TORRENCE McLEMORE,

                   Petitioner,                  Case No. 1:03-cv-871

v.                                       Honorable Richard Alan Enslen

MARY BERGHUIS,

                   Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 1999 convictions for assault with intent to commit murder, possession with intent to deliver less than 50 grams of cocaine, possession of a firearm during the commission of a felony, and carrying a concealed weapon, for which Petitioner was sentenced to terms of 14 to 25 years, 1 ½ to 20 years, 1 to 4 years, and 2 years respectively.  On October 2, 2006, the Court entered an Order summarily dismissing the Petition.  The Order of Dismissal followed the Court's *de novo* review of Petitioner's objections to the Report and Recommendation of the magistrate judge.  The Court previously granted Petitioner's request to proceed *in forma pauperis* on appeal.  Petitioner has now moved for a certificate of appealability.

Petitioner's request for a certificate of appealability will be denied.  A petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability.  FED. R. APP. P. 22(b).  *See Lyons*

*v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court already has rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. There was sufficient evidence at trial to support Petitioner's convictions on all counts; the crux of Petitioner's challenge of his convictions is the relative credibility of witnesses, which is not an issue that is cognizable in a habeas action. Petitioner's constitutional rights were not violated by the photographic lineup because it was reliable under the totality of the circumstances; nor is there any merit to Petitioner's assertion that a live lineup should have been conducted in this case. Trial counsel was not ineffective because the matters to which she stipulated at trial did nothing to undermine Petitioner's alibi defense. Petitioner's argument that his sentence is "disproportionate" is a matter of state, not federal, law. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or

law overlooked in the adjudication of his Petition.  The Court finds that reasonable jurists could not

find that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the

Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability

(Dkt. No. 42) is **DENIED**.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:                    RICHARD ALAN ENSLEN
      December 11, 2006                    SENIOR UNITED STATES DISTRICT JUDGE

3